All right, we call case number five of the morning, which is Vargas v. Guardiola, appeal number 25-1972. And we welcome to the podium Ms. Haywood. May it please the court your honor. There are a multitude of Fourth Amendment 1983 claims and cases under this case, and there are four separate incidents. So I just wanted to break those down. Those incidents are February 10, 2020, June 6, 2020, August 1, 2020, and April 8, 2021. These are separate incidents where the plaintiff or Mr. Vargas had contact with law enforcement. Ms. Haywood, our circuit rule 30 has requirements for the appendix for an appellant's brief. It includes requiring a certification by counsel that the included materials, the required materials are included, which you signed. The very first requirement is that the appendix contain the judgment or order under review, and I don't see either the district court's opinion or the judgment in your appendix. Yes, I believe it was included in the appendix, your honor, and the end of the brief appendix, not the actual separate appendix. It's supposed to be bound with the brief. Yes. Where do I find those? I believe it was the very first. That is clearly where it should be. Yes. Instead you begin with your complaint, then you have plaintiff's response to defendant's motion for summary judgment, Supreme Court petition for leave to appeal, plaintiff's statement, plaintiff's response, defendant's statement, and Vargas' deposition. Nowhere do you have the required district court opinion we're reviewing or the judgment. I apologize if that was overlooked, your honor. It was overlooked. Yes, I apologize for the overlooking of that, your honor. As far as the appendix, there was some issues with submitting the appendix. It was a very in-depth filings, but there was a separate appendix and a short appendix, so I apologize. It's not in either one of those, and to be honest, I'll tell you why I'm making a big deal about it. The way I prepare for a case is to see what issues you're raising, and then I read what the district court had to say about it. So this case is here regarding the district court's ruling on a motion for summary judgment under Rule 56. In regards to that, the district court ruled on a number of factual disputed issues on behalf of the defendants and took none of the inferences on behalf of the plaintiff. Now, it is correct that the plaintiff filed a cross motion for summary judgment, and the court ruled that Heck applied, Heck v. Humphrey, which is that 512 U.S. 477 case, 1994, on the grounds that the convictions that the cases that had convictions, which for the record would be April 8th, 2021, and also August 1st, I'm sorry, the February 10th, 2020 cases were barred by Heck, and then the other cases the judge ruled, the district court judge ruled that there were probable cause for the interactions, and therefore, the cases could not go forward for trial. So Mr. Vargas never received his day in court for trial. Breaking down the incidents themselves, the February 10th, 2020 incident was the result of an administrative proceeding before an administrative judge at Stone Park Police Department Station. The June 6th incident was also a result of an administrative proceeding, but it was dismissed in plaintiff's favor at the Stone Park Police Station. The August 1st incident was a result of the census event, and that one was a finding of not guilty on an unlawful use or possession of a weapon, which was a knife. And the April 8th, 2021 incident, the result of that incident was a finding of guilty for a disorderly conduct. And so there are four different cases in front of four different proceedings when it comes to the result of these incidents. Can you describe for us your argument? Because it would be fairly major for us to, as you acknowledge, it's a case of first impression about whether Heck applies to administrative hearings and city ordinance violations. We've passed on the issue before. So can you give us your best case, your best argument about why we should not extend Heck to administrative hearings and violations of city ordinances? Well, this case would be the actual example for why Heck should not apply to administrative cases and ordinances. The allegations in this case underlying in the administrative proceedings, which just for identification, was the February 10th and the June 6th result of those interactions that Vargas had with Stone Park police officers. When he went to contest those tickets on the grounds that the ordinance codes that they cited on the tickets themselves, which is acknowledged in the short appendix record, did not exist. But the hearing officer corrects those at the time of judgment. So that issue seems to have gotten resolved right there on the spot. The hearing officer amended those after the outside of the presence of the plaintiff. So he actually did not have a due process right or opportunity to be heard. He left in the middle of proceedings. And the reason being based on the plaintiff's own testimony was that he felt that he had a fear for his safety. He indicated that on the record within the oral arguments that you can hear of the administrative proceedings, he felt that he indicated the officers were armed and he indicated that he did not feel safe. So is your is your larger argument that we should not apply hectic administrative proceedings to the ordinance because there may be, for example, due process issues attendant to those proceedings that you don't have that same risk in state court criminal proceedings? Absolutely. Yes, Your Honor. And in those proceedings specifically, Mr. Vargas left those proceedings in the middle after he indicated the officers were arguing with the judge and there was a back and forth and it was a heated verbal exchange and he left. So when the amendment occurred of those actual ordinance violations, it was outside of the presence of Mr. Vargas. But he left. Yes. Put heck to the side. What impact would the administrative proceedings have on issue preclusion? The impact we believe that this and these administrative proceedings have is that it's it's it would impact due process because at the essence of it, if the Mr. Vargas, for example, he presented to contest that the ordinance calls that they cited on the ticket did not exist. In the midst of him having a hearing, that was the initially the initial administrative procedure. There was a subsequent one where the administrative judge requested a hearing to have the offices present. And at that one was where the heated exchange occurred. So the issue preclusion to preclude the plaintiff from arguing something that he had already argued and then the finding, even though it didn't turn out in his favor on one of those on the other one, it actually did. And in this case, a motion for summary judgment with heck was applied to both. So we have two different outcome, different outcomes in the administrative proceedings, but the same result overall, which is this. Our argument is it's a it's an issue. And we have no more questions. I would like to preserve the rest for rebuttal. All right. Miss Everhart. May it please the court. Good afternoon, your honors. My name is Susan Everhart and I represent the defendants in this manner. I would like to jump right in regarding the question that your honors posed to counsel regarding heck. We do believe that the district court correctly barred the or correctly applied applied heck when it came to the February 10th, 2020 administrative hearings. Plaintiff did not provide any basis to disrupt the district court's ruling, and we feel that it applies in this case. Do we have do we have, do you think, a sufficient record of what was what happened and what was found by the administrative officer to apply heck? I do judge. I think that this differs from the two cases that this court reserved on previously in Coon and in. I apologize. In Coon and Justice. In this case, specifically, we do have an audio recording of the entire administrative proceedings from April 21st of 2020, and it does indicate in there. I believe it is in part 1 around the 4 minute mark plaintiff is given his appeal rights, so he is foretold of his appeal rights and that as well. We do have the entirety. Well, the entirety until plaintiff decided to leave the hearing regarding what happened during that process. And as your honor stated previously to counsel, Mr Vargas did leave of his own accord, even after being warned several times by the judge that he would have to enter. Please guilty if he did leave the administrative hearing. Could you just tell us what appeal rights does a person have went from an adverse decision in one of these administrative hearings? Yes, judge. If in this instance plaintiff was found guilty, he does have an appeal right to the circuit court. That would be the right that he has in this case. Is that de novo? Is trial de novo at that point? That is my understanding, Judge S. And kind of piggybacking off of Judge Hamilton's question there, how does Illinois treat the preclusive effect of the administrative hearings? Take HECC. You raise issue preclusion in your brief separate from HECC, so take HECC out of the picture for a second. We've passed on whether HECC is extended to administrative procedures, but how would Illinois treat that administrative hearing? Correct. Judge, collateral escapal requires that the issuing question has actually been determined in the prior proceedings and that it has been essential to the outcome. In this case specifically, Illinois has determined that it does apply to administrative hearings. And so if HECC did not apply, if the court did not find, pardon me, if the court found that HECC did not apply in this case, we would be asking that the state law collateral escapal doctrine would be imposed, as that is what Illinois finds when it comes to administrative hearings. And which case is that that holds that? Judge, I apologize if I could have one moment. I do not have that case off the top of my head, Your Honor. I apologize. Is it in your brief? I cannot answer that question, Your Honor. I apologize. Okay. I know Your Honors also posed questions regarding the due process in this case. As I stated previously, the plaintiff was informed of his appeal rights at the beginning of the administrative hearing. And because of that, he did have an avenue, as I answered Judge Hamilton's question, to be able to pursue this in the district court. So should he have so chosen to do so, which in this case he obviously did not. I did want to briefly discuss the June 6, 2020 traffic stop, which counsel had argued that there was a material fact issue in this instance. Before we get there, do we need to reach the issue of issue preclusion or HEC for any of the dates in question? Or can we ask whether probable cause solves the issue? Yes, Judge. Specifically for the February 10, 2020 incident, plaintiff was found guilty of the headlight violation. That was the reason that the officers pulled him over in the first place. Should HEC or collateral estoppel not apply, there would be a question of fact as to that specific arrest. Any others? No, Your Honor. Okay. Moving back into the June 6, 2020 incident, plaintiff argues that there is a factual dispute when it comes to the probable cause. And in this instance, Officer Brambilla did have probable cause to stop plaintiff's vehicle based on two violations, the first being that traffic control device. In this case, plaintiff argues that he did not state one way or the other, or he could not remember exactly if he committed that traffic violation or not. That is not enough to create a material issue of fact. The failure of proof is on plaintiff, as it is the plaintiff's burden to show that he determinatively did not commit the traffic stop, which he did not do in this case, giving the officer probable cause for that traffic stop. This also applies to the secondary approach for the probable cause in that stop as well regarding the loud music issue, as plaintiffs never deny that his music was audible from his vehicle or could be heard from a link that would violate that ordinance. Just briefly, as to the August 1 stop, the district court correctly ruled that plaintiff waived any argument negating probable cause as it related to the August 1, 2020 traffic stop. Plaintiff's only argument for this issue is the reverse heck argument that she brought up in her response. However, this court should consider the merits of the claim as it's undisputed that there were several officers on scene at the time that overheard the loud music and that gave rise to the probable cause to stop plaintiff's vehicle. Relating to that last issue on April 8th of 2021, that is one that is clearly heck barred and the district court correctly made that determination. Plaintiff was convicted of disorderly conduct, which was never overturned by any court and which was denied petition by the Supreme Court. The issue regarding plaintiff's disorderly conduct charge is directly related to his claims surrounding the incident and the fact that the mayor observed plaintiff's actions, reported them to Officer Numanaj, and plaintiff was arrested and prosecuted on those charges. If this court has no further questions, I would rest on the brief. All right, thank you. Thank you. And Ms. Haywood, returning to the podium. Your Honor, may it please the court, in response to the arguments made by the Stone Park, this is exactly why we are here. When it comes to a motion for summary judgment on Rule 56, the inferences should have been taken in the plaintiff's favor. There is genuine issues of disputed material fact. The plaintiff did indicate that he did not recall. As far as the February 10th, to apply heck or even claim preclusion, as Your Honor had asked about before, would indicate that he had, when I mentioned due process, a notice, opportunity to be heard. And also the procedure. We're talking about both substantial and procedural due process when it comes to him giving the procedure. How do you appeal or how do you exercise your appellate rights? And it's questionable whether or not he even got, received a copy of the results of those proceedings. He was on the oral adjudication proceedings that you can hear from the administrative proceedings. He was informed by the judge that the June 6th incident was being tossed out because the officer was not present. The February 10th incident, the officers, that's when the heated exchange occurred. August 1st, he was found not guilty by a jury trial. So these issues of fact, the jury didn't buy what the officer said regarding their probable cause or why they stopped him. This should go to a jury similarly to flesh out the issues of probable cause because any disputed facts should go to a jury. Did you address issue preclusion in your reply brief? I'm sorry, Your Honor. Did you address issue preclusion in your reply? As far as the, from what I recall, I believe we, issue preclusion. So I have a reply here. I believe that we did address issue preclusion in the brief but not in the reply. That's why we only spoke to Heck v. Humphrey because that's what the judge had ruled on. Thank you. I'm out of time. If there's any other questions, thank you. Okay, thank you. We thank both parties and we will take the case under advisement.